# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

BRUCE KEEN,

       Plaintiff,

v.                                        CIV No. 10-153 LH/CG

SCHLUMBERGER TECHNOLOGY CORP.,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court *sua sponte*, following its review of the Notice of Removal, (Doc. 1), filed by Defendant Schlumberger Technology Company ("Defendant"). Plaintiff filed her Complaint on January 13, 2010, in the Fifth Judicial District Court, County of Lea, State of New Mexico. Thereafter, on February 22, 2010, Defendant filed its Notice of Removal with this Court. Having reviewed both the Complaint and the Notice of Removal, the Court concludes that the allegations are insufficient to establish diversity jurisdiction. The case should therefore be remanded to the Fifth Judicial District Court.

Defendant alleges that Plaintiff is a citizen of New Mexico, that Defendant is incorporated in New York and maintains its principal place of business in Texas, and that the amount in controversy exceeds $75,000. (Doc. 1 at 2.) As such, Defendant maintains that this Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (*Id.*)

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988)

(quoting Fed. R. Civ. P. 12(h)(3)).  The court has a duty to determine the matter *sua sponte*.  *Id.*
Furthermore, a court lacking jurisdiction must dismiss the cause at any stage of the proceedings
when it becomes apparent that jurisdiction is lacking.  *Penteco Corp. Ltd. Partnership--1985A v.
Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Because federal courts are courts of limited jurisdiction, the party invoking federal
jurisdiction bears the burden of proof with a presumption against federal jurisdiction.  *Id.*  The
Constitution provides that the "judicial Power shall extend to . . . Controversies . . . between
Citizens of different States."  U.S. Const. art. III, § 2.  "The district courts shall have original
jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of
$75,000, exclusive of interest and costs, and is between — citizens of different States."  28
U.S.C. § 1332(a).  When a plaintiff files in state court a civil action over which the federal
district courts would have original jurisdiction based on diversity of citizenship, the defendant
may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a
citizen of the State in which such action is brought." § 1441(b).

Significantly, the federal statute providing for the removal of cases from state to federal
court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren
Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Indeed, the Tenth Circuit has cautioned
federal district courts that they "must rigorously enforce Congress' intent to restrict  federal
jurisdiction."  *Miera v. Dairyland Insur. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).  Federal
district courts, therefore, are to strictly construe the removal statutes and to resolve all doubts
against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

The amount in controversy is generally determined by the allegations of the complaint, or
if they are not dispositive, by the allegations in the notice of removal.  *Laughlin v. Kmart Corp.*,

2

50 F.3d 871, 873 (10th Cir. 1995).  When the amount in controversy is not apparent on the face

of the complaint, a federal court must attempt to ascertain the amount in controversy by

considering (1) the plaintiff's cause of action as alleged in the complaint, (2) the notice of

removal that the defendant filed with the federal court, and (3) other relevant materials in the

record.  *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000)

(Baldock, J., sitting by designation).  However, "[i]t would be an overreading of *Laughlin* to

ignore the context of the case, as informed by the substance of the complaint or by other material

in the record at the time of removal."  *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M.

2001) (Kelly, J., sitting by designation).  Courts may therefore consider "the substance and

nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior

to or in connection with the removal notice, a plaintiff's prior admission in open court that the

value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or

admit that he or she is not seeking damages in excess of the requisite amount."  *Id.* at 1306.

      Ultimately, the burden is on the party requesting removal to set forth in the notice of

removal the underlying facts supporting the assertion that the amount in controversy exceeds

$75,000.  *Laughlin*, 50 F.3d at 873.  Once again, there is a presumption against removal

jurisdiction, and uncertainties as to jurisdiction are resolved in favor of remand.  *Martin v.

Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (quoting *Burns v. Windsor Ins.

Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). When the plaintiff's damages are unspecified in the

complaint, as they are here, the defendant must affirmatively establish the jurisdictional amount

by at least a preponderance of the evidence.  *See id.*  Punitive damages and attorney's fees may

be considered in determining the amount in controversy, *see Woodmen of World Life Ins. Society

v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003); costs and interest, however, are

excluded, *see* 28 U.S.C. § 1332(a).

In this case, Plaintiff has alleged a violation of the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22D.   He asserts that he was employed by Defendant "at all times relevant to this action." (Doc. 1, Ex. A, at 5.)  Plaintiff claims that, although he was paid on an hourly basis and was not exempt, he was not properly compensated for overtime hours that he worked. (*Id*. at 2-3.)  According to his Complaint, Plaintiff seeks, in addition to costs and interest, unpaid overtime for the time he worked for Defendant, an additional amount equal to twice the unpaid wages, and attorneys fees.  (*Id.*)  He does not, however, allege a specific amount of damages, nor does he provide any details as to the extent of the unpaid wages.  It is therefore not clear from the face of the Complaint that the amount in controversy exceeds $75,000.  As a result, the Court must turn to the Notice of Removal.

In the notice, Defendant does not provide additional detail as to Plaintiff's alleged damages.  Rather, Defendant merely notes that Plaintiff demands unpaid overtime wages, an amount equal to twice the amount of unpaid wages, and an award of attorney's fees.  [Doc. 1, at 2.] Defendant provides the Court with no factual predicate for its assertion that the amount in controversy exceeds $75,000.  For instance, there is no information as to the length of time that Plaintiff was employed by Defendant, as to Plaintiff's hourly wage, or even as to the hours of overtime worked by Plaintiff.  Indeed, Defendant fails to provide even a single figure upon which the Court may evaluate the amount in controversy.

Consequently, Defendant has failed "to set forth, in the notice of removal itself, the 'underlying facts supporting the assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quoting *Gause v. Miles, Inc*., 980 F.2d 564, 567 (9th Cir. 1992)).   Yet a removing defendant must set forth not only his good faith belief as to the amount in

4

controversy but also the facts underlying that belief. *See id.* Defendant's conclusory assertions do not establish by a preponderance of the evidence that the jurisdictional amount is met. Likewise, absent information as to Plaintiff's wages and the overtime worked, the Court is unable to make any reasonable inferences that the injuries give rise to a claim in excess of $75,000. Simply put, the Court is not satisfied, based on the record before it, that Plaintiff seeks more than $75,000 in damages and attorneys fees.

Because Defendant's removal appears to be based on speculation as to the amount of damages, rather than underlying facts of the minimum jurisdictional amount proven by a preponderance of the evidence, and given that uncertainties as to jurisdiction are resolved in favor of remand, the Court determines that this case should be remanded for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that this case is **REMANDED** to the Fifth Judicial District Court for the State of New Mexico.

_____

SENIOR UNITED STATES DISTRICT JUDGE